UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LANCE DAWSON, ) | | |
|     Plaintiff, ) | | |
| ) | | |
|     vs. ) | 1:03-cv-1563-SEB-VSS | |
| ) | | |
| THOMAS NEWMAN, JR., et al., ) | | |
|     Defendants. ) | | |

## ENTRY DENYING PLAINTIFF'S MOTION FOR RELIEF FROM FINAL JUDGMENT

This matter comes before the Court on Plaintiff Lance Dawson's ("Dawson") Motion for Relief from Final Judgment, pursuant to Federal Rule of Civil Procedure 60(b), which he filed on September 9, 2005. Dawson filed suit under 42 U.S.C. § 1983 against Defendants Judge Thomas Newman, Jr. ("Judge Newman"), the Madison County Clerk of Court, Kathy Stoops-Wright; the Indiana Department of Corrections; and several parole officials (collectively "Defendants"). On June 25, 2004, we entered final judgment and dismissed Plaintiff's claims as to all Defendants. On August 18, 2005, the Seventh Circuit affirmed our June 25, 2004, Judgment with respect to the claims against Judge Newman but reversed our ruling with respect to the remaining Defendants. Plaintiff now seeks relief from our June 25, 2004, Judgment (we assume to the extent that the Seventh Circuit has not already granted the relief he seeks). Judge Newman contends Plaintiff's motion is untimely and, regardless, he is entitled to judicial immunity. We agree with Judge Newman's assertion for the reasons explained below and, therefore,

DENY Plaintiff's Motion for Relief.

**Factual Background**

In 1990 Lance C. Dawson ("Dawson") was convicted of certain criminal charges and placed on three years' of probation with a suspended sentence of six years. In September 1992, Dawson's probation officer filed a notice of probation violation on which a hearing was scheduled. On June 12, 2000, approximately ten years after being placed on three years' probation, and eight years after the alleged probation violation, the State filed an amended notice of probation violation. On October 23, 2000, Judge Newman revoked Dawson's probation and imposed a six-year term of incarceration. Dawson appealed to the Indiana Court of Appeals and on July 18, 2001, that court held that Dawson's probation revocation was improper because it occurred so long after his term of probation had expired.

The case was remanded to Judge Newman and he immediately entered a docket order mandating Dawson's release. However, though someone in Judge Newman's office faxed a copy of the Indiana Court of Appeals decision to the Department of Corrections ("DOC"), the release order itself was never transmitted. As a result, Dawson remained in custody for another fourteen months.

Dawson filed this lawsuit in state court under 42 U.S.C. § 1983 against Judge Newman, the DOC, and several DOC parole officials. The defendants removed the case to federal court and Dawson amended the complaint to add the Madison County Clerk of Court, Kathy Stoops-Wright, as a defendant. We granted Defendants' Rule 12(b)(6)

Motion to Dismiss on June 25, 2004, and entered Final Judgment in this case on the same day.  Plaintiff appealed and on August 18, 2005,[1] the Seventh Circuit affirmed our judgment dismissing Dawson's claims against Judge Newman but reversed our judgment dismissing his claims against the remaining Defendants.  The Seventh Circuit ruled that Judge Newman was entitled to judicial immunity from Dawson's claims.

On September 2, 2005, Plaintiff filed the present Motion for Relief claiming he had uncovered new evidence entitling him to relief from our June 25, 2004, Judgment.  The new evidence consists, in principle part, of the following information obtained from Judge Newman's court reporter, Lori Stinefield ("Stinefield"):

> Stinefield, as the court reporter, normally drafts criminal orders for Judge Newman. Judge Newman does not personally review each order.  Judge Newman does not personally sign each order. Judge Newman has a signature stamp and apparently that stamp is used in the instances where he does not personally review and/or sign the orders.  Judge Newman does not verbally direct Stinefield to draft orders.  Instead, Stinefield relies on forms set up on the computer "that you just kind of follow."  Stinefield further stated, "And while I'm in the courtroom, I take notes and, I mean, just from experience, I know what needs to go in the order."
>
> When Stinefield was hired as the Court Reporter for Madison Superior Court III, she was given only on-job training. Stinefield does not have to be certified to be a court reporter, but is only sworn in annually by Judge Newman.
>
> Judge Newman hired Stinefield and is her direct supervisor.  According to Stinefield, Judge Newman is the administrative head of Madison Superior Court.  Newman makes and enforces the policies of that court.

---

[1] The mandate was issued by the Court of Appeals on December 19, 2005.

Pl.'s Brief in Supp. at 3-4.

## **Legal Analysis**

    A.    *Plaintiff's Motion is Untimely.*

Plaintiff moved for relief, pursuant to Federal Rule of Civil Procedure 60(b)(2), which states, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) . . . . *The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.*  (emphasis added)

The judgment from which Plaintiff seeks relief was entered on June 25, 2004, more than one year prior to the filing of Plaintiff's motion.  As we stated in our Clarification on September 9, 2004, Entry, "the reasoning and disposition of June 25, 2004, were complete."  The September 9th Clarification was not itself an entry of judgment nor the order from which Plaintiff seeks relief. Thus,  Plaintiff's Rule 60(b)(2) motion must be denied as untimely.

    B.    *Plaintiff's Motion if Unfounded.*

Assuming *arguendo* that Plaintiff's motion is not untimely, he is nonetheless not entitled to relief because his arguments have already been addressed and rejected by the Seventh Circuit.

Plaintiff claims that he is entitled to relief, pursuant to Rule 60(b), because of the

4

newly discovered evidence that Judge Newman delegates responsibility for effectuating his orders to his court reporter, Stinefield. In his Motion for Relief, Plaintiff argues:

> At the Seventh Circuit Court of Appeals, the Honorable Judge Syke's opinion (delivered in this case on August 18, 2005, but presently held under a Petition for Rehearing En Banc) identified three principles underlying judicial immunity analyses. One principle was "whether the act is normally performed by a judge." <u>Dawson</u>, 2005 WL 1981346, *4. In addition to the arguments discussed above, Lori Stinefield's testimony shows that *in fact* the act of sending out or effectuating orders of the Court is an act not normally performed by the judge.

Pl.'s Brief in Supp. at 4 (emphasis in original). Plaintiff attempts to parlay the fact that Judge Newman did not personally effectuate his orders into a "[required] finding that Defendant [Judge] Newman acted administratively in failing to send a notice of his order calling for Lance Dawson's release." Pl.'s Brief in Supp. at 5.

Dawson's assertions reflect a gross misreading of the Seventh Circuit's opinion. In fact, the Seventh Circuit already dispensed with Plaintiff's arguments in its August 18, 2005, order, stating:

> We concluded in <u>Lowe</u> that "[a]ll three factors point to the judicial character" of the judge's delay in deciding the postconviction motion because "deciding when to decide a case, no less than deciding the case itself, is a judicial act for which a judge is absolutely immune." <u>Lowe v. Letsinger</u>, 772 F.2d 308, 312 (7th Cir. 1985). We further concluded that the three-week delay in sending notice of the order granting postconviction relief was also immunized because although *"[o]rdinarily the mere mailing of the notice is a clerk's chore" that did not involve the exercise of discretion, to the extent that the judge "did undertake to control the disposition of his own order[,] he was still acting in his judicial role."* <u>Id.</u> at 313. Although the judge in <u>Lowe</u> was entitled to absolute immunity, the court clerk was not; we concluded that "the clerk's duty to type and send notice after entry of

5

judgment is a non-discretionary, ministerial task." Id.

Dawson v. Newman, 419 F.3d 656, 661 (7th Cir. 2005) (emphasis added). The Seventh Circuit further held:

> Dawson's claims against Judge Newman are premised upon an alleged violation of what Dawson contends is a personal statutory duty of the judge, which necessarily involves an act or omission by the judge as a part of the judicial case processing function. Assuming arguendo that Dawson's premise is correct (that the statute imposes a personal duty on the judge), it follows that the acts or omissions in the performance of that judicial duty are immunized. *To the extent that the statute imposes a duty on the judge at all, that duty implicates the judge's role as judge rather than as an administrative or clerical officer. Judge Newman is absolutely immune and the claims against him were properly dismissed.*

Dawson v. Newman, 419 F.3d 656, 661-62 (7th Cir. 2005) (emphasis added).

The Seventh Circuit's analysis (in addition to including the two factors conspicuously omitted by Plaintiff), specifically noted that judicial immunity is not abrogated merely by the fact that the challenged action is normally a task carried out by a clerk and not the judge himself.[2] As the Seventh Circuit clearly explained, a judge's role in managing the processing of orders is a judicial function, not an administrative function as Plaintiff contends in his present motion. The new evidence submitted by Plaintiff does nothing to undermine the essential judicial nature of the oversight function performed by Judge Newman and, as the Supreme Court has explained, "[I]t [is] the nature of the

---

[2] As the Seventh Circuit explained in Lowe: "This is not to say that a party is without recourse where a judge delays making a decision for an inordinate period, only that the proper recourse is through habeas corpus proceedings not through civil proceedings against the judge." Lowe, 772 F.2d at 312 (citations omitted).

6

function performed, not the identity of the actor who performed it, that inform[s] our immunity analysis." Forrester v. White, 484 U.S. 219, 229 (1988).

Accordingly, Plaintiff's Motion for Relief from Judgment as to Judge Newman is denied.[3]

## CONCLUSION

For the reasons explained above, Plaintiff's Motion for Relief from Final Judgment is DENIED.  IT IS SO ORDERED.

Date:  03/21/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copy to:

David A. Arthur
INDIANA STATE ATTORNEY GENERAL
David.Arthur@atg.in.gov

Nicholas David Conway
MICHAEL K. SUTHERLIN & ASSOC.
nconway@michaelsutherlin.com

Robb Alan Minich
HASKIN LAUTER LARUE & GIBBONS
robbminich@hotmail.com

---

[3] To the extent that Plaintiff's motion seeks relief from the dismissal of the Defendants other than Judge Newman, it is denied as moot in light of the Seventh Circuit's order of August 18, 2005.

Ronald J. Semler
STEPHENSON MOROW & SEMLER
rsemler@stephlaw.com

Michael K. Sutherlin
MICHAEL K. SUTHERLIN & ASSOCIATES, PC
msutherlin@michaelsutherlin.com